IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
| --- | --- | --- |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO SEVER** |
| vs. | ) | |
| | ) | Case No. 1:19-cr-093 |
| En'Chante Nicole Thurmon, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant En'Chante Thurmon's motion to sever filed on October 8, 2019. See Doc. No. 58. The Government filed a response in opposition to the motion on October 22, 2019. See Doc. No. 70. For the reasons set forth below, the Court denies the motion.

I. **BACKGROUND**

On June 5, 2019, En'Chante Thurmon and Deandre Jones were indicted by a federal grand jury. On October 16, 2019, a superseding indictment was returned by the grand jury, charging both defendants with: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (Count One); Possession with Intent to Distribute Cocaine (Count Two); Possession with Intent to Distribute Methamphetamine (50 grams or more – mixture) (Count Three); Possession with Intent to Distribute Heroin (Count Four); Possession with Intent to Distribute Tramadol (Count Five); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Six). See Doc. No. 64. Jones was also charged with Possession of a Firearm by a Felon (Count Seven) and Possession of Firearms by a Felon (Count Eight). See Doc. No. 64.

On October 8, 2019, Thurmon moved to sever her trial from co-defendant Jones. Thurmon argues severance is proper because her connection to Jones—that of a girlfriend who resides in the

1

same residence—and the evidence the Government will likely present to prove Jones' two counts of possession of firearms by a felon will unfairly prejudice her. Thurmon also argues severance is proper because without a separate trial, Thurmon will be deprived of access to Jones' testimony, which Thurmon asserts is exculpatory.

## II.    LEGAL DISCUSSION

Rule 8(b) of the Federal Rules of Criminal Procedure states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). Rule 8(b) is to be construed liberally. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002).

Rule 14(a) of the Federal Rules of Criminal Procedure provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." A motion to sever will only be granted "upon a showing of real prejudice to an individual defendant." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011). The prejudice must be "real" and "clear" and "[t]he defendant carries a heavy burden in making this showing." Id. Real prejudice is something more than the mere fact that the defendant would have had a better chance for acquittal had he been tried separately. United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004). "A defendant 'can demonstrate real

prejudice to his right for a fair trial by showing (a) that his defense is irreconcilable with the defense of his co-defendant or co-defendants, or (b) that the jury will be unable to compartmentalize the evidence as it relates to separate defendants.'" United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003). Severing the defendants' trials is within the district court's discretion. Id.

### A. PREJUDICE

Thurmon argues that without a separate trial, she will be unfairly prejudiced because 1) a jury may "presume Thurmon's guilt by her mere connection of being the girlfriend of Jones and by residing at the same residence as Jones," and 2) the Government may introduce evidence of Jones' "felony background and previous firearm possession" to prove the two counts of possession of firearms by a felon which are charged against Jones, but not Thurmon. See Doc. No. 59, p. 5. The Court disagrees.

Severance can be justified if the defendant shows "that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." Payton, 636 F.3d at 1037. In this case, the defendants are charged with conspiracy to distribute and possess with intent to distribute controlled substances, among other offenses. There is a preference for a single trial of defendants who are jointly indicted, particularly where a conspiracy is charged. See United States v. Spotted Elk, 548 F.3d 641, 658 (8th Cir. 2008) ("[I]t will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators."). "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts." United States v. Foote, 920 F.2d 1395, 1398 (8th Cir. 1990). The risk of prejudice posed by a single trial is best cured by specific jury instructions. Mickelson, 378 F.3d at 818. In this case, only two defendants are charged, and both defendants' charges stem

from the same or related events during the same time period and in the same place. Thurmon has failed to state how this case is particularly complex, and the Court finds that she has not met her burden of showing that a jury will be unable to compartmentalize the evidence. Thus, Thurmon has not demonstrated a real prejudice to her right for a fair trial so as to warrant a severance of trial.

B. **CO-DEFENDANT'S TESTIMONY**

A district court is not required to grant a severance simply because a defendant claims the need for a separate trial in order to call a co-defendant as a witness. United States v. Rivera-Rocha, 430 F.Supp.2d 941, 944 (D.N.D. 2006) (citing United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005)). A defendant must establish the likelihood the co-defendant would testify and that the testimony would be substantially exculpatory. Blaylock, 421 F.3d at 766; United States v. Benton, 890 F.3d 697, 714 (8th Cir. 2018) (co-defendant's testimony must be substantially exculpatory). The defendant must show that the co-defendant's testimony would do more than merely tend to contradict a few details of the government's case against her. Benton, 890 F.3d at 714. In deciding whether a co-defendant's testimony is substantially exculpatory, a district court is entitled to take into account the other trial evidence and the impeachment evidence available to the government. Id. A bald assertion by one defendant that a co-defendant will testify as to her innocence is insufficient to show the testimony will be sufficiently exculpatory to warrant severance. United States v. Vue, 13 F.3d 1206, 1210 (8th Cir. 1994). There must be independent evidence, such as an affidavit from the co-defendant, of the co-defendant's willingness to testify and waive his Fifth Amendment right to remain silent. United States v. Caspers, 736 F.2d 1246, 1248 (8th Cir. 1984).

4

Thurmon argues that without a separate trial, she will be deprived of access to Jones' testimony, which Thurmon asserts is exculpatory, stating:

> In this case, Jones has conveyed his intention to testify on Thurmon's behalf, specifically expressing a willingness to testify that the drugs that Thurmon is being charged with were not hers, and that she did not even have knowledge that of the existence of the controlled substances. However, if the motion for severance is not granted and Jones and Thurmon are tried together, then Jones would be expected to invoke his Fifth Amendment privilege against self-incrimination at trial, and Thurmon could not prejudice him by attempting to call him as a witness.

See Doc. No. 59, p. 3. The Government contends that Thurmon has only asserted through her own counsel that Jones would testify, and thus Thurmon has provided no independent evidence of Jones' willingness to testify, such as an affidavit. The Court agrees with the Government. Although Jones has previously provided an affidavit in which he states Thurmon did not know of the drugs seized in this case, see Doc. No. 43, Jones did not state he would waive his Fifth Amendment right to silence and testify in the manner suggested by Thurmon. Further, the Court agrees with the Government that other potential trial and impeachment evidence, as outlined in the Government's response, see Doc. No. 70, pp. 4-5, undermines a finding that Jones' testimony would be substantially exculpatory to Thurmon.

### III. CONCLUSION

The Court has reviewed the entire record and relevant case law. In the exercise of its broad discretion, the Defendant's motion to sever (Doc. No. 58) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2019.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court